**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x
:
MARIA DESOUSA, On Behalf of Herself And  : Civil Action No. 08-CV-6626 (UA)
All Others Similarly Situated,            :
                                          :
    Plaintiff,                          :
                                          :
    vs.                                 :
                                          :
LEHMAN BROTHERS HOLDINGS INC.,            :
RICHARD S. FULD, JR., ERIN M. CALLAN,     :
WENDY M. UVINO, MICHAEL L. AINSLIE,       :
JOHN F. AKERS, ROGER S. BERLIND,          :
THOMAS H. CRUIKSHANK, MARSHA J.           :
EVANS, SIR CHRISTOPHER                    :
GENT, JERRY A. GRUNDHOFER,                :
ROLAND A. HERNANDEZ, HENRY                :
KAUFMAN, JOHN D. MACOMBER, THE            :
EMPLOYEE BENEFIT PLAN COMMITTEE,          :
THE COMPENSATION AND BENEFITS             :
COMMITTEE, JOHN DOES 1-20,                :
                                          :
                  Defendants.              :
                                          :
———————————————————————x

[Additional Captions Follow]


**PLAINTIFF MARIA DESOUSA'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF HER MOTION FOR CONSOLIDATION, APPROVAL OF THE
PROPOSED LEADERSHIP STRUCTURE, AND ENTRY
OF [PROPOSED] PRETRIAL ORDER NO. 1**

―――――――――――――――――――――――x
                                                :
ALEX E. RINEHART, On Behalf of Himself And      :   Civil Action No. 08-CV-5598 (LAK)
All Others Similarly Situated,                  :
                                                :
                Plaintiff,                         :
                                                :
   vs.                                          :
                                                :
LEHMAN BROTHERS HOLDINGS INC.,                  :
RICHARD S. FULD, JR., MICHAEL L.                :
AINSLIE, JOHN F. AKERS, ROGER S.                :
BERLIND, THOMAS H. CRUIKSHANK,                  :
MARSHA JOHNSON EVANS, SIR                       :
CHRISTOPHER GENT, ROLAND A.                     :
HERNANDEZ, HENRY KAUFMAN, JOHN D.               :
MACOMBER, ERIN M. CALLAN, WENDY M.              :
UVINO, THE EMPLOYEE BENEFIT PLANS               :
COMMITTEE, and JOHN DOES 1-10,                  :
                                                :
                Defendants.                       :
                                                :
―――――――――――――――――――――――x
                                                :
JO ANNE BUZZO, Individually And On Behalf       :   Civil Action No. 08-CV-6245 (LAK)
of All Others Similarly Situated,               :
                                                :
                Plaintiff,                         :
                                                :
   vs.                                          :
                                                :
LEHMAN BROTHERS HOLDINGS INC.,                  :
WENDY M. UVINO, LEHMAN BROTHERS                 :
HOLDINGS INC. EMPLOYEE BENEFIT                  :
PLANS COMMITTEE, JOHN DOES 1-10,                :
HENRY KAUFMAN, JOHN F. AKERS, ROGER             :
S. BERLIND, MARSHA JOHNSON EVANS and            :
ROLAND A. HERNANDEZ.                            :
                                                :
                Defendants.                       :
                                                :
―――――――――――――――――――――――x

[Additional Caption Follows]

―――――――――――――――――――――――――――x
:
MONIQUE MILLER FONG, On Behalf Of : Civil Action No. 08-CV-6282 (LAK)
Herself And All Others Similarly Situated, :
:
                    Plaintiff, :
:
    vs. :
:
LEHMAN BROTHERS HOLDINGS INC., :
RICHARD S. FULD, JR., MICHAEL L. :
AINSLIE, JOHN F. AKERS, ROGER S. :
BERLIND, THOMAS H. CRUIKSHANK, :
MARSHA JOHNSON EVANS, SIR :
CHRISTOPHER GENT, JERRY A. :
GRUNDHOFER, ROLAND A. HERNANDEZ, :
HENRY KAUFMAN, JOHN D. MACOMBER, :
ERIN M. CALLAN, WENDY M. UVINO, THE :
EMPLOYEE BENEFIT PLANS COMMITTEE, :
and JOHN DOES 1-10, :
:
                    Defendants. :
:
―――――――――――――――――――――――――――x

## I.     INTRODUCTION

Plaintiff Maria DeSousa ("DeSousa") respectfully submits this Reply Memorandum of Law and the Supplemental Declaration of Lori G. Feldman ("Feldman Supp. Decl."), in further support of her Motion for Consolidation, Approval of the Proposed Leadership Structure, and Entry of [Proposed] Pretrial Order No. 1.

Plaintiff DeSousa submits that her proposed co-lead counsel, Milberg LLP ("Milberg"), Zimmerman Reed P.L.L.P. ("Zimmerman Reed"), and proposed Executive Committee members Lockridge Grindal Nauen P.L.L.P. ("Lockridge") and Harwood Feffer LLP ("Harwood"), are best able to represent the interests of the putative class in this action against Lehman Brothers Holdings, Inc. ("Lehman") and the fiduciaries of the Lehman Brothers Holdings, Inc. 401(k) Savings Plan (the "Plan").

Consolidation of the above-captioned ERISA actions is not opposed. The appointment of DeSousa's proposed class counsel is, however, contested by Plaintiff Jo Anne Buzzo ("Buzzo"), who moved to have herself appointed as interim lead plaintiff and her counsel, Izard Nobel LLP ("Izard") appointed as Interim Lead Counsel and Sarraf Gentile LLP ("Sarraf Gentile") appointed Interim Liaison Counsel in the proposed consolidated action,[1] and by Plaintiffs Alex E. Rinehart and Monique Miller Fong ("Plaintiffs Rinehart/Fong"), who have moved to have their counsel Gainey & McKenna LLP ("Gainey") and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf") (collectively, the "Gainey/Wolf Group") appointed as Interim Co-Lead Counsel.[2]

Plaintiff DeSousa acknowledges that all competing counsel are sufficiently experienced in relevant ERISA class actions to prosecute this action. However, given DeSousa's counsel's

---

[1]     Plaintiff Buzzo's Opposition to Plaintiff Rinehart's and Fong's Motion and Plaintiff DeSousa's Motion and Reply Brief in Support of her own motion, is referenced herein as the "Buzzo Opp."

[2]     Plaintiff Rinehart's and Fong's Opposition to Plaintiff Buzzo's Motion and Plaintiff DeSousa's Motion and Reply Brief in Support of their own motion, is referenced herein as the "Rinehart/Fong Opp."

unmatched experience in litigating mortgage-related actions, their combined resources (that none of the competing movants have challenged) and their proven commitment to this case, Plaintiff DeSousa respectfully submits that after a review of the 23(g) factors, her choice of counsel is best suited to represent the Class.

## II.     ARGUMENT

### A.     DeSousa's Counsel Is Best Able To Represent the Class

DeSousa's counsel are seasoned litigation firms, with substantial experience litigating some of the most complex and precedent-setting class actions, including employee lawsuits, ERISA violations on behalf of participants and beneficiaries in employer-sponsored benefit plans, and financial fraud, in this and other districts throughout the nation, as set forth in Plaintiff DeSousa's moving papers and the firms' respective résumés.  DeSousa's counsel has successfully recovered substantial sums of money benefiting the plaintiff classes they represented[3] and helped to advance federal jurisprudence involving breach of fiduciary duty claims under ERISA.[4]  Moreover, DeSousa's counsel has substantial experience litigating cases involving the mortgage industry, and more specifically, the financial implications of the subprime crisis.

---

[3]     For example, Milberg and Harwood achieved a $90 million settlement (representing approximately 78% of the class's claimed loss) in *In re Royal Dutch/Shell Transport ERISA Litigation*, No. 04-CV-1398-JWB-SDW (D.N.J. filed Mar. 25, 2004), which is one of the largest recovered amounts obtained in an ERISA breach of fiduciary duty action.

[4]     For instance, in *In re Boston Scientific ERISA Litigation*, where Milberg and Harwood serve as co-lead counsel, the district court also held that plaintiffs have standing even where they have cashed out of a plan. 506 F. Supp. 2d 73, 75 (D. Mass. 2007). In *In re Citigroup Pension Plan ERISA Litigation*, Master File 05 Civ. 5296 (S.D.N.Y. filed June 3, 2005), Judge Scheindlin granted summary judgment for the plaintiffs finding that Citigroup's pension plan violated ERISA.  In *Graden v. Conexant Systems Inc.*, No. 3:05-CV-695-SRC-MAS (D.N.J. filed Feb. 1, 2005), where proposed Executive Committee member Harwood served as sole lead counsel, Harwood's briefing and oral argument resulted in Third Circuit precedent that former employees who had cashed out of a plan had standing to sue on behalf of the plan.

### 1.     This Case Involves Complex Issues that Require Sophisticated Counsel

Plaintiff DeSousa is mindful of this Court's concerns regarding the potential for inefficiency and duplication of work when too many firms are involved. *See In re Auction Houses Antitrust Litig.*, 197 F.R.D. 71, 75 (S.D.N.Y. 2000). However, despite proffering four firms to serve in leadership roles, DeSousa's counsel respectfully submits that this is an appropriate type of action for the proposed two-tier leadership structure because of the complexities involved in prosecuting this action. These complexities include, *inter alia*:

- *Discovery of the electronically-stored information* -- Lehman is a large organization. As such, it will be a tremendous undertaking to understand defendants' information technology systems, negotiate parameters for the production, and then undertake actual review of the documents, which will likely be millions of pages. DeSousa's counsel is well-qualified in this regard. Specifically, Milberg is an authority on matters relating to electronic discovery, including among its ranks a partner that is co-chair of The Sedona Conference Working Group on Electronic Document Retention and Production, which recently authored a treatise entitled "Best Practices & Principles for Addressing Electronic Document Production.";

- *Lehman's complicated investment vehicles* -- As alleged in the Complaints, Lehman was heavily exposed to losses relating to its subprime mortgage and mortgage securitizations business, including investments in complex investment vehicles such as collateralized debt obligations ("CDOs"), credit derivatives and structured investment vehicles. DeSousa's counsel is well-qualified in this regard. Specifically, as stated in DeSousa's opening brief, Milberg is co-lead counsel in the *In re Morgan Stanley ERISA Litigation*, Harwood is co-lead counsel in the *In re Citigroup ERISA Litigation*, and Zimmerman Reed is actively involved in both the *In re Merrill Lynch ERISA Litigation* and *In re Wachovia ERISA Litigation* -- four actions that similarly involve a large financial institution's exposure to investments in risky subprime investments, including CDOs, credit default swaps and structured investment vehicles. Moreover, Zimmerman Reed has 20+ years of mortgage-related litigation experience. This collective knowledge will flatten the learning curve in this action;[5]

- *Complex financial transactions and violations of accounting rules* -- Lehman's alleged wrongdoing includes, among other things, possible violations of Generally Accepted Accounting Principles, SEC regulations and the Sarbanes-Oxley Act of 2002. As such, counsel for the class will need to be proficient in these areas. Milberg

---

[5]    It is also worthy of note that Milberg attorneys have lectured on subprime market issues. *See* DeSousa's opening brief at 14.

has dedicated in-house forensic accounting professionals that will assist DeSousa's counsel in fettering out these violations. These dedicated professionals - CPAs, Chartered Accountants, and Certified Fraud Examiners - have extensive experience in all types of forensic and investigative accounting and litigation support work. Their familiarity with the litigation environment enables them to provide assistance at every stage of a case - from initial strategy to discovery, from negotiations to settlement or trial; and

- *Unmatched investigatory resources* -- Milberg has a team of full-time investigators, most of whom have backgrounds in law enforcement, including FBI, NYPD, OSHA, and Probation. Others have private sector experience with technical and industry expertise. The chief investigator is W. Steven Bursey, a 27-year FBI veteran with an extensive knowledge of white collar crime. The investigators will work closely with DeSousa's counsel to identify, develop, document and prosecute this action.

It is because of these complexities that DeSousa's counsel created an Executive Committee to assist in the prosecution of the case. Co-Lead counsel will be able to harness the talent and experience of Harwood and Lockridge in developing legal theories, preparing a consolidated complaint, undertaking complex discovery, settlement negotiations and, if necessary, trial. As a result, the Class will be able to draw on each of the four firms' strengths in focusing the responsibilities of each firm.[6]

### 2. DeSousa's Counsel Can, and Will, Put Measures in Place to Prevent Duplication of Work

To alleviate the Court's concerns regarding potential inefficiencies, DeSousa's counsel is committed to putting in place the following measures, among others, if this Court appoints them as interim lead counsel: limit the number of attorneys to be present at court hearings and depositions; limit travel for out-of-town attorneys; closely monitor the activities of all counsel by requiring the submission of monthly time and expense reports so co-lead counsel can properly allocate responsibilities in a manner designed to avoid wasteful duplication of activities.

---

[6] Unlike some of the smaller competing firms, DeSousa's counsel can dedicate more attorneys and resources to the prosecution of the action as needs arise.

Additionally, competing movants' criticism of Plaintiff DeSousa's proposed leadership structure for its potential inefficiencies is surprising given their involvement in cases with similar-sized structures. For example, in *In re Marsh ERISA Litigation*, No. 04-CV-8157 (S.D.N.Y.), there is a four firm structure, with Izard on the executive committee (Kindall Reply Decl., Ex. B); in *In re Bausch & Lomb, Inc. ERISA Litigation*, No. 06-CV-6297-MAT-MWP (W.D.N.Y.), there is a three firm structure, with Izard and Gainey as two of the three co-leads (*Id.* at Ex. C); in *In re Diebold Securities., ERISA, and Derivative Litigation*, No. 5:06-CV-0170 (N.D. Ohio), there is a four firm structure, with Izard as one of the four co-leads (*Id.* at Ex. D); in *In re First American Corp. ERISA Litigation*, Master File No. SA-CV07-1357 (C.D. Cal), there is a four firm structure, with Izard as one of the four co-leads (Feldman Supp. Decl., Ex. A); in *West v. Wellpoint*, *Inc.*, No. 08-CV-0486-DFH-TAB (S.D. Ind.), there is a five firm structure, with Gainey as one of the three co-lead counsel (Feldman Supp. Decl., Ex. B); and in *In re Morgan Stanley ERISA Litigation*, No. 07-CV-11285 (S.D.N.Y.), there is a four firm structure, with Wolf as one of the two co-leads (Rifkin Decl., Ex. E). Significantly, neither Izard nor the Gainey/Wolf Group challenge DeSousa's counsel's experience in mortgage-related cases.[7]

### 3. DeSousa's Counsel's Work-Product to Date, Evidences Both Their Commitment to the Case, and Rationale for Appointment as Co-Lead Counsel

In addition to its collective experience, DeSousa's counsel have gone beyond mere review of publicly available information relating to Lehman. Unlike the limited efforts of Izard and the Gainey/Wolf Group in investigating Lehman's alleged wrongful conduct, DeSousa's counsel has and continues to dedicate substantial time and resources to specifically investigating

---

[7] While Izard is also a co-lead counsel along with Milberg and Harwood in *In re First American Corp. ERISA Litigation*, an action concerning, among other things, the collapse of the subprime credit markets, that case does not directly involve the more complex investment vehicles that Lehman, Morgan Stanley and Citigroup are involved with.

the facts underlying this action. As noted in DeSousa's opening brief, DeSousa's counsel has used Milberg's highly-experienced in-house investigatory staff to interview former Lehman employees regarding the facts asserted in this litigation.

In contrast to the work undertaken by Plaintiff DeSousa's counsel in this action, there is little mention in either competing movants' submissions to the Court, of the work that either Izard or the Gainey/Wolf Group has done to advance this litigation besides filing the complaints on behalf of their respective clients and moving to be appointed as the interim co-lead counsel.[8] Izard and the Gainey/Wolf Group do, however, contend that their respective complaints are more detailed than the other's and DeSousa's complaint. These arguments are not compelling. As experienced class action firms, Izard and the Gainey/Wolf Group should be well aware that the existing complaints will not be the operative pleadings going forward. In fact, in the Stipulation and Order signed by Judge Sullivan on August 6, 2008, all ERISA counsel have agreed that such an amended complaint will be filed.[9] Moreover, as noted above, based on the on-going investigative efforts of DeSousa's counsel, DeSousa's consolidated amended complaint will include extensive, additional information concerning the Plan and Lehman's alleged wrongdoing.

Notwithstanding the foregoing, it is worth noting that rather than merely allege a summary of Lehman's press releases as the basis for the underlying wrongful conduct and then rushing to the courthouse to claim the first-to-file status, DeSousa's counsel took the time to research facts beyond Lehman's heavily-publicized write-downs. As a result, the DeSousa

---

[8] DeSousa's counsel, Izard and the Gainey/Wolf Group have all requested plan documents from defendants and notified the appropriate federal agencies of the pending actions.

[9] *See* Docket No. 35 in the *Rinehart* action (Stipulation and Order, dated Aug. 6, 2008 at ¶ 2).

complaint is the only ERISA complaint that has any allegations regarding Lehman's investment in R3 Capital Partners where it is alleged Lehman diverted $1.1 billion of its Level III assets.

### B.     The Gainey/Wolf Group

The Gainey/Wolf Group's central argument is that it should be appointed lead counsel because it was the first to file any of the ERISA actions on June 20, 2008. As Izard stated in its opposition brief, this is not a factor under Rule 23(g) (Buzzo Opp. at 8), and DeSousa's counsel suggests that it should be given little, if any, weight in the Court's decision to appoint interim counsel in this case.[10]

In *Auction Houses*, in discussing its options in deciding how to appoint class counsel this Court commented that, "[t]he rationale behind this first-to-file rule is that it creates an incentive for attorneys to ferret out wrongs that may be difficult or impossible for individual plaintiffs ever to identify. By rewarding attorneys that incur these search costs, the award of the lead counsel position to the first attorney to file arguably makes the class action mechanism a more vital means of redress for injured plaintiffs." 197 F.R.D. 71, 81, (S.D.N.Y. 2000). The Court's rationale was predicated on the fact that the law firm that *discovered* the alleged wrong ought to be rewarded for its efforts. That is not the situation here. Specifically, the Gainey/Wolf Group were not the attorneys who discovered Lehman's alleged wrongdoing or "trail-blazed the prosecution of this action," as they claim  (Rinehart/Fong Opp. at 2). Rather, a complaint alleging violations of the federal securities laws was filed on April 29, 2008 in the Northern District of Illinois (a copy of the complaint in *Southeastern Pennsylvania Transportation*

---

[10]     The Gainey/Wolf Group criticize Izard, Milberg and Harwood for issuing press releases regarding their investigations into Lehman's alleged wrongdoing before their client's respective complaints were filed. Rinehart/Fong Opp. at 2 & fn. 1.  However, they fail to state any reason why that is problematic under Rule 23(g). It also worth noting that Wolf has in the past issued press releases in connection with investigations they have commenced.  *See, e.g.*, (Feldman Supp. Decl., Ex. D) (Wolf's March 18, 2008 press release regarding an investigation related to Bear Stearns employee benefit plans).

*Authority v. Lehman Brothers Holdings, Inc.*, No. 08-CV-2431 (N.D. Ill. filed Apr. 29, 2008) is attached as Feldman Supp. Decl., Ex. C) and then an additional complaint was filed on June 18, 2008 in the Southern District of New York. These complaints essentially alleged the same underlying wrongful conduct concerning Lehman's exposure to risky investments in the subprime credit market. In fact, the Gainey/Wolf Group's complaints appear to be limited to a summary recitation of Lehman's press releases and SEC filings during the proposed Class Period. Indeed, any search costs appear to be minimal.

Similarly, the Gainey/Wolf Group's suggestion that their efforts to file a motion to consolidate the ERISA actions "moved the case along expeditiously" is exaggerated. The filing of consolidation and leadership motions are a routine matter in class actions and a largely formulaic undertaking, and therefore should be given little or no weight by this Court.[11]

    **C.**    **Izard**

Neither the litigation experience, nor the triumphs of Plaintiff DeSousa's counsel in settling complex actions are less than those of Izard. Izard contends that DeSousa's counsel are "fine firms," however, "do not have as much relevant ERISA experience as Izard Nobel." Buzzo Opp. at 4. Izard's argument that DeSousa's counsel are not as experienced as Izard in the field of ERISA litigation has no merit, as DeSousa's counsel have successfully litigated major ERISA actions involving claims and allegations similar to the ones at issue in this litigation.[12]

---

[11] The Gainey/Wolf Group argues that Izard's request for the appointment of an interim lead plaintiff to direct the litigation is unwarranted and unnecessary Rinehart/Fong Opp. at 5. However, according to Wolf's website, it lists a "lead plaintiff motion date" of 12/18/08 for *In re Morgan Stanley ERISA Litigation.* *See* Feldman Supp. Decl, Ex. E. This suggests that Wolf, in fact, believes that a lead plaintiff may be warranted or desired by the plaintiff in some ERISA actions. Surprisingly, despite the fact that DeSousa's counsel did not make such a request in this case, the Gainey/Wolf Group criticizes Milberg and Harwood for making a similar request in *In re Morgan Stanley ERISA Litigation.* This criticism is unfounded as each case can and should be approached individually.

[12] Izard trumpets its involvements in the *Enron* and *Worldcom* cases. Buzzo Opp. at 4. However, it is unclear as to whether Izard had any formal court-appointed role in those cases since the firm was not lead counsel.

Moreover, Izard downplays the relevant ERISA experience of DeSousa's counsel. For example, it fails to acknowledge Milberg's role in *In re General Electric ERISA Litigation*, No. 06-CV-315 (N.D.N.Y.) ("GE ERISA"). Milberg has been serving as plaintiffs' counsel in GE ERISA for the last two and a half years (there is no court appointed lead counsel at this time). Since that time, Milberg has been hard at work opposing hard-fought summary judgment motions and contemporaneous motions to dismiss submitted by some of the nation's most talented and experienced ERISA defense lawyers. In *Shanehchian v. Macy's Inc.*, No. 07-CV-0828 (S.D. Ohio), there is also no court appointed lead counsel and Milberg and Harwood have been prosecuting the case as plaintiffs' counsel from inception. In fact, Milberg and Harwood recently won the denial of a motion to transfer venue pursuant to 28 U.S.C. § 1404, have filed a comprehensive amended complaint, and are currently engaged in Rule 12 motion practice.

### D. Proposed Schedule for Filing of the Consolidated Amended Complaint and Defendants' Response

Defendants state in their response to DeSousa's motion, filed on August 11, 2008, that they do not oppose consolidation. While DeSousa's counsel generally agreed to coordinate the schedule governing the filing of a consolidated amended complaint with the Securities Action, there was no agreement with respect to the motion practice schedule.[13] Accordingly, DeSousa's counsel respectfully submit the Court enter the following schedule, which modifies some of the

---

[13] Although the Securities Action and ERISA actions may assert claims against an overlapping group of defendants, and the claims may arise out of a related set of facts, the issues of law vary significantly as do the potential sources of recovery. Federal securities fraud actions are governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which imposes on securities fraud claims a heightened pleading standard, specialized, statutorily guided, mechanisms for selection of a lead plaintiff and lead counsel, and discovery stays, none of which are required for ERISA actions. ERISA is a highly specialized field that involves a completely different set of statutes and legal standards than federal securities law or the law governing derivative actions. The ERISA claims, based upon a breach of fiduciary duty, involve defendants, class members, discovery, legal claims, pleading standards, damages, and defenses that are unique and different from those in either the securities or derivative lawsuits. Importantly, ERISA actions require only notice pleading, have a lower standard of proof than securities fraud actions, and do not involve a mandated stay of discovery.

deadlines from Defendants' proposed schedule in an effort to allow the ERISA actions to catch-up to the Securities Action:

1. ERISA Interim Lead Counsel shall file and serve an ERISA Consolidated Amended Complaint no later than 30 days after the entry of an Order appointing ERISA Interim Lead Counsel;

2. Defendants shall file and serve responsive pleading(s) or motion(s) no later than 30 days after the filing of the ERISA Consolidated Amended Complaint;

3. If any Defendant moves to dismiss the ERISA Consolidated Amended Complaint, ERISA Interim Lead Counsel, on behalf of Plaintiff(s) and the putative class shall file and serve opposition brief(s) no later than 30 days after the filing of Defendants' motion(s); and

4. Defendants shall file and serve reply brief(s) no later than 14 days after the filing of ERISA Interim Lead Counsel's opposition brief(s).

### III. CONCLUSION

For the foregoing reasons, Plaintiff DeSousa respectfully requests that the Court (a) deny the motions of Plaintiff Buzzo and Plaintiffs Rinehart and Fong; and (b) enter Plaintiff DeSousa's [Proposed] Pre-Trial Order No. 1.: (1) consolidating the above-captioned cases; (2) appointing Milberg and Zimmerman Reed as Interim Co-Lead Counsel and Harwood and Lockridge as Executive Committee members to act on behalf of ERISA class plaintiffs.

DATED:   August 11, 2008                              Respectfully submitted,

**MILBERG LLP**

By:  */s/ Lori G. Feldman*

Lori G. Feldman
Arvind B. Khurana
One Pennsylvania Plaza
New York, NY  10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229
lfeldman@milberg.com
akhurana@milberg.com

**ZIMMERMAN REED P.L.L.P.**
Timothy J. Becker
Kirsten D. Hedgberg
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
(612) 341-0400 (telephone)
(612) 341-0844 (facsimile)

TJB@zimmreed.com
KDH@zimmreed.com

*Attorneys for Plaintiff Maria DeSousa and Proposed Interim Co-Lead Counsel for the Class*

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Gregg M. Fishbein
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401-2197
(612) 339-6900 (telephone)
(612) 339-0981 (facsimile)
gmfishbein@locklaw.com

**HARWOOD FEFFER LLP**
Robert I. Harwood
488 Madison Avenue, 8th Floor
New York, New York 10022
(212) 935-7400 (telephone)
(212) 753-3630 (facsimile)
rharwood@hfesq.com

*Attorneys For Plaintiff Maria DeSousa and Proposed Executive Committee Members*

## **CERTIFICATE OF SERVICE**

I, Sara E. Fuks, an associate with the law firm Milberg LLP, hereby certify that I caused a true and correct copy of the following documents to be served with the Clerk of the Court using the CM/ECF system, which will send notifications of filing to the CM/ECF participants listed on the attached Service List, and caused all counsel listed on the Service List to be served by regular U.S. Mail on this 11th day of August 2008:

1. Plaintiff Maria DeSousa's Reply Memorandum of Law in Further Support of Her Motion for Consolidation, Approval of the Proposed Leadership Structure, Entry of [Proposed] Pretrial Order No. 1; and

2. Supplemental Declaration of Lori G. Feldman in Further Support of Plaintiff Maria DeSousa's Motion For Consolidation, Approval of the Proposed Leadership Structure and Entry of [Proposed] Pretrial Order No. 1.

                                                      /s/ Sara Fuks
                                                      Sara Fuks

*Lehman Brothers Holdings Inc. (ERISA)*

**Service List**

*Plaintiffs' Counsel:*

Ronen Sarraf
Joseph Gentile
**SARRAF GENTILE LLP**
11 Hanover Square, 2nd Floor
New York, NY  10005
Tel: (212) 868-3610
Fax: (212) 918-7967
Email: ronen@sarrafgentile.com
         joseph@sarrafgentile.com

Robert A. Izard
Eric L. Palmquist
Mark P. Kindall
William E. Bernarduci
**IZARD NOBEL LLP**
20 Church Street, 17th Floor
Hartford, CT  06103
Tel: (860) 493-6293
Fax: (860) 493-6290
Email: rizard@izardnobel.com
         epalmquist@izardnobel.com
         mkindall@izardnobel.com
         wbernarduci@izardnobel.com

Major Khan
**MAJOR KHAN LLC**
20 Bellevue Terrace
Weehawken, NJ  07086
Tel: (646) 546-5664
Fax: (646) 546-5755
Email: mk@mk-llc.com

Thomas J. McKenna
**GAINEY & MCKENNA**
295 Madison Avenue
New York, NY  10017
Tel: (212) 983-1300
Fax: (212) 983-0383
Email: tjmckenna@gaineyandmckenna.com

Mark C. Rifkin
Scott J. Farrell
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Ave.
New York, NY  10016
Tel: (212) 545-4600
Fax: (212) 545-4653
Email: rifkin@whafh.com
         farrell@whafh.com

Timothy J. Becker
Kirsten D. Hedgberg
**ZIMMERMAN REED P.L.L.P.**
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
Email: TJB@zimmreed.com
         KDH@zimmreed.com

2

| | |
|---|---|
| Gregg M. Fishbein<br>**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, Minnesota 55401-2197<br>Tel: (612) 339-6900<br>Fax: (612) 339-0981<br>Email: gmfishbein@locklaw.com | Robert I. Harwood<br>**HARWOOD FEFFER LLP**<br>488 Madison Avenue, 8th Floor<br>New York, New York 10022<br>Tel: (212) 935-7400<br>Fax: (212) 753-3630<br>Email: rharwood@hfesq.com |

*Defendants' Counsel:*

Eric M. Albert
Jonathan K. Youngwood
Michael J. Chepiga
Paul C. Curnin
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, NY  10017
Tel: (212) 455-2000
Fax: (212) 455-2502
Email: ealbert@stblaw.com
          jyoungwood@stblaw.com
          mchepiga@stblaw.com
          pcurnin@stblaw.com